UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION - TOLEDO

| | |
|---|---|
| JOHN IZZARD, | ) |
| Plaintiff, | ) Case No. 3:15-cv-001542 |
| v. | ) Trial By Jury Demanded |
| NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, | ) |
| Defendant. | ) |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, JOHN IZZARD, through his attorneys, Robert B. Thompson and Laurence C. Acker of Harrington, Thompson, Acker and Harrington and complaining of Defendant, Norfolk Southern Railway Company, (hereinafter "NSRC") states the following:

1. Jurisdiction of this court as to Plaintiff, JOHN IZZARD, and Defendant, NSRC, is invoked under the provisions of Title 45 U.S.C. §56 and Title 28 U.S.C. §1331.

2. The Defendant, NSRC, was at all times relevant to this cause of action and is a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between the various states of the United States, including the Northern District of Ohio.

3. Venue for this cause of action exists in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. §1391(b).

4. At the times and places alleged herein, Plaintiff was employed by Defendant as a conductor, and his duties as such were in furtherance of interstate commerce for Defendant.

5. At the time and place aforesaid, both the Plaintiff, JOHN IZZARD, and the Defendant, NSRC, were subject to an Act of Congress commonly known as the Federal Employers' Liability Act, Title 45 U.S.C. §§ 51-60.

6. On or about February 5, 2015, Plaintiff sustained injury while in the employ of the NSRC at or near Bellevue, Ohio.

7. At the time and place aforesaid, Plaintiff was performing switching operations as a Remote Control Operator in Defendant's Bellevue Yard.

8. The locomotive engine which Plaintiff had been assigned to work with was not in proper working condition. Plaintiff had notified his supervisor that said engine needed to be repaired and the brake system was not in proper condition.

9. Despite notifying his supervisor of the fact that said engine was no in proper condition, Plaintiff was instructed to make two more switching moves using said engine. Plaintiff was instructed to put three railcars into CT5 track and one railcar into CT1 track.

10. At the time and place aforesaid, as Plaintiff was attempting to place a railcar into CT1 track, he was positioned on the side ladder of said railcar. Without any remote control command from Plaintiff, suddenly and without warning, the locomotive engine came to an abrupt stop.

11. The force of said engine's stop caused Plaintiff to be thrown from the ladder of said railcar, and as a result thereof, Plaintiff sustained serious injury.

12. At the time and place alleged, the locomotive, the railcars, the brake system, the equipment and appurtenances involved in the movement were under the management, maintenance, operation and control of and in the exclusive possession of the Defendant.

13. At the time and place aforesaid Plaintiff was acting within the scope of his employment in furtherance of Defendant's business.

14. At the time and place aforesaid, it was Defendant's duty to Plaintiff to exercise ordinary care to furnish Plaintiff with a reasonably safe place to work.

15. At the time and place aforesaid, Defendant had a duty under the Federal Employers Liability Act to comply with the Code of Federal Regulations, 49 C.F.R. Part 229, Railroad Locomotive Safety Standards.

16. At the time and place aforesaid, the Defendant had a duty under the Federal Employers' Liability Act to comply with the Federal Safety Appliance Act, 49 U.S.C. §20302.

17. At the time and place aforesaid, the Defendant had a duty under the Federal Employers' Liability Act to comply with the Federal Locomotive Inspection Act, 49 U.S.C. §20701 et seq.

18. At the time and place aforesaid, not withstanding its lawful duties to Plaintiff, Defendant's conduct was negligent and unlawful in the following particulars and thereby caused injury to Plaintiff:

    a) In failing to provide Plaintiff with a reasonably safe place to work;

    b) In failing to use reasonably safe methods in its train operations;

    c) In failing to comply with the Federal Locomotive Inspection Act, 49 U.S.C. §20701;

d)     In failing to comply with 49 C.F.R. Part 229, Railroad Locomotive Safety Standards;

e)     In furnishing a locomotive which failed to comply with 49 C.F.R. §229.45, General Conditions;

f)     In furnishing a locomotive which failed to comply with 49 C.F.R. 229.7, Prohibited Acts;

g)     In furnishing a locomotive which failed to comply with the Federal Safety Appliance Act, 49 U.S.C. §20302;

h)     In failing to comply with the brake provisions of the Federal Safety Appliance Act, 49 U.S.C. §20302 et seq.;

i)     In failing to properly operate and handle its train;

j)     In assigning and directing Plaintiff to work with an engine which was not in proper condition for switching operations;

k)     In failing to adequately and properly inspect its engines and railcars prior to assigning Plaintiff to work with said engine;

l)     In failing to adequately and properly maintain its engines;

m)     In failing to provide Plaintiff with an engine with a properly working brake system;

n)     In failing to provide Plaintiff with a locomotive engine which was in proper condition to operate safely in yard switching service;

o)     In failing to provide Plaintiff with adequate warning about the unsafe conditions of the brake system on its locomotive engine;

p)     In requiring Plaintiff to continue to perform his work in a makeshift, sub-standard non-conforming manner, when it knew or should have known and foreseen that Plaintiff would be subjected to injury using an engine it knew was in a condition of disrepair.

Or in the alternative:

q)     In that at the time and place alleged the locomotive, the brake system, the person or persons operating and controlling the movement and equipment, the equipment and appurtenances involved in the movement, being under the management, maintenance, operation and control of and in the exclusive

possession of Defendant, were so managed, maintained, operated and controlled that severe unauthorized stop occurred in the movement, causing Plaintiff to be injured, and accidents of the nature described herein do not occur in the ordinary course of events if the Defendant had used ordinary care so that an inference of negligence arises under the doctrine of res ipsa loquitur.

19. Plaintiff sustained personal injuries, disability, pain and suffering, medical expense, wage losses and other recoverable damages supported by the evidence and permitted by law resulting in whole or in part from the unlawful and negligent acts and omissions of Defendant, Norfolk Southern Railway Company

WHEREFORE, Plaintiff, JOHN IZZARD, prays for judgment of damages against Defendant Norfolk Southern Railway Company in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court, plus whatever additional amount the Court and the jury deem proper as compensatory damages, plus the cost of this lawsuit.

Respectfully submitted,

/s/Robert B. Thompson
Robert B. Thompson (0078633)
Laurence C. Acker
Robert E. Harrington, III
Harrington, Thompson, Acker, & Thompson, Ltd.
One North LaSalle Street, Suite 3150
Chicago, IL 60602
Tel:  (312) 332-8811
Fax:  (312) 332-2027
htah@harringtonlaw.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION - TOLEDO

| | |
|---|---|
| JOHN IZZARD, | ) |
| | ) |
| Plaintiff, | ) Case No. 3:15-cv-001542 |
| | ) |
| v. | ) Trial By Jury Demanded |
| | ) |
| NORFOLK SOUTHERN RAILWAY COMPANY, a corporation, | ) ) |
| | ) |
| Defendant. | ) |

## **JURY DEMAND**

NOW COMES the Plaintiff, JOHN IZZARD, by his attorneys, Harrington, Thompson, Acker and Harrington, Ltd., and JOHN IZZARD hereby demands trial by jury.

Respectfully submitted,

/s/ Robert B. Thompson
Robert B. Thompson (0078633)
Laurence C. Acker
Robert E. Harrington, III
Harrington, Thompson, Acker, & Thompson, Ltd.
One North LaSalle Street, Suite 3150
Chicago, IL 60602
Tel:   (312) 332-8811
Fax:   (312) 332-2027
htah@harringtonlaw.com